# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

STEVEN AVERY,

    **Plaintiff,**

    v.                                      Case No. 12-CV-52

MARK WIEGERT, KENNETH KRATZ,
WENDY BALDWIN, LYNN ZIGMUNT,
PATRICK WILLIS, CALUMET COUNTY,
and MANITOWOC COUNTY,

    **Defendants.**

## ORDER

    The plaintiff, Steven Avery, a Wisconsin state prisoner, filed this pro se civil rights action under 42 U.S.C. § 1983. He is proceeding in forma pauperis on a Fourth Amendment claim related to the search for his digital camera and the digital images stored in the internal memory drive during a criminal homicide investigation for which he is serving a life sentence, State of Wisconsin v. Steven A. Avery, Manitowoc County Case Number 2005CF000381. The plaintiff claims that the search warrant was defective and improperly executed, in violation of his rights under the Fourth Amendment.

    Defendants Calumet County District Attorney Kenneth Kratz and Manitowoc County Circuit Judge Patrick Willis have filed a motion to dismiss. Defendants Calumet County Sheriff's Department Officer Wendy Baldwin, Calumet County, and Calumet County Sheriff's Department Investigator Mark Wiegert, who are represented by separate counsel, have filed a motion to stay discovery, motion to dismiss, and motion to strike the plaintiff's declaration. All of these motions

will be addressed herein. (There are no pending motions from defendants Manitowoc County Clerk of Court Lynn Zigmunt and Manitowoc County, who are also represented by separate counsel.)

The court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the matter arises under federal statutes. Venue is proper under 28 U.S.C. § 1391. The case was assigned according to the random assignment of civil cases pursuant to General Local Rule 3(a) (E.D. Wis.). The parties have consented to United States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73 (E.D. Wis.).

## Complaint Allegations

The plaintiff alleges that on October 6, 2006, Investigator Wiegert presented an affidavit for a search warrant to District Attorney Kratz, who notarized the document. Officer Baldwin then obtained a search warrant from Judge Willis for a camera owned by the plaintiff, a "Kodak Easyshare 2730 digital camera, serial #KCKEP51101866." (Compl., Ex. 2.) The warrant states:

> There are now located and concealed certain things, to-wit:
>
> 1. Any and all digital images stored in the internal memory drive and prays that a Search Warrant be issued to allow a duplicate copy of the internal memory be made to review and analyze all digital images recovered. Said items may constitute evidence of a crime, to wit: violations of secs. 940.01, 940.11, 940.225, 940.30, and 940.31 Wis. Stats.
>
> NOW, THEREFORE, in the name of the State of Wisconsin, you are commanded forthwith to search said camera for said things, and if the same or any portion thereof are found, to bring the same, and the person(s) in whose possession the same are found, and return this warrant within forty-eight hours of service, before the said Court, to be dealt with according to law.

Id. On October 13, 2006, seven days after the warrant was issued, Investigator Wiegert submitted a Return of Officer form for the Kodak Easyshare.

2

The plaintiff claims that he was denied his right to be free from an unreasonable search and seizure in violation of the Fourth Amendment. He contends that a defective and expired warrant was executed to obtain his property. According to the plaintiff, the warrant was defective because probable cause was not established in the affidavit, and because the warrant had expired, was open-ended and general, and did not have a court seal. He also alleges that his property was seized and held beyond any reasonable period of time, there is no indication that Judge Willis saw the affidavit before issuing the search warrant, and there is no record that Investigator Wiegert was sworn before the court when presenting evidence in support of the search warrant. The complaint also advanced a privacy rights claim under the First and Fifth Amendments, but the plaintiff was not allowed to proceed on such a claim. The plaintiff seeks declaratory and injunctive relief, and monetary damages.

Defendants Kratz and Willis's Motion to Dismiss

Defendants Kratz and Willis contend that, (1) this action against them in their official capacities is barred by the Eleventh Amendment; (2) the action against Judge Willis is barred by judicial immunity; (3) this action against Kratz is barred by good-faith or qualified immunity and fails to state a claim against him upon which relief can be granted. The plaintiff contends that judicial immunity does not apply and that defendant Kratz is not entitled to qualified immunity.

As an initial matter, a suit against a state official in his or her official capacity is a suit against the official's office. As such, it is not different than a suit against the state itself. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). The plaintiff's official capacity claims against defendants Kratz and Willis are therefore claims against the state. The Eleventh Amendment bars suits for damages in federal court against unconsenting states unless Congress has exercised its

power to override the immunity.  Id. at 66.  To the extent that the plaintiff seeks monetary damages, his official capacity claims must be dismissed because of Eleventh Amendment immunity and also because the state is not a person suable under 42 U.S.C. § 1983.  See id. at 66-67, 71; see also, Omosegbon v. Wells, 335 F.3d 668, 672-73 (7th Cir. 2003).

Next, the court will consider whether Judge Willis is immune from suit.  Judges are immune from suit for actions taken in their judicial capacity and within their subject matter jurisdiction. Mireles v. Waco, 502 U.S. 9, 11-12 (1991); Stump v. Sparkman, 435 U.S. 349, 356-57 (1978). Judges are not liable in civil actions for their judicial acts unless they have acted in the "clear absence of all jurisdiction." Id. (quoting Bradley v. Fisher, 80 U.S. (1 Wall.) 335, 351 (1872)).  They will not be held liable for acts performed in excess of their jurisdiction or which are alleged to have been done maliciously or corruptly.  Stump, 435 U.S. at 356.

The plaintiff contends that Judge Willis is not entitled to absolute immunity from declaratory relief because probable cause was not established, and he acted as a "rubber stamp" for the State. In considering and issuing the search warrant, Judge Willis acted within his jurisdiction.  In Wisconsin, "[t]he circuit courts have the general jurisdiction prescribed for them by article VII of the constitution and have power to issue all writs, process and commissions provided in article VII of the constitution or by the statutes, or which may be necessary to the due execution of the powers vested in them." Wis. Stat.§ 753.03 (2011).  Article 7 of the Wisconsin Constitution states in relevant part that "the circuit court shall have original jurisdiction in all matters civil and criminal within this state and such appellate jurisdiction in the circuit as the legislature may prescribe by law." Wis. Const. art. VII, § 8.  As part of his judicial duties, Judge Willis must determine whether or not probable cause exists.  The fact that the plaintiff disagrees with this determination does not make

4

Judge Willis a "rubber stamp" for the State. Since Judge Willis did not act in clear absence of jurisdiction and because his actions were judicial in nature, he is entitled to absolute immunity.

Next, the court will determine whether defendant Kratz is entitled to qualified immunity or otherwise subject to dismissal. District Attorney Kratz notarized the affidavit for search warrant. (Compl, Ex. 1.) The plaintiff alleges that the affidavit did not establish probable cause and that Kratz therefore participated in depriving the plaintiff of his constitutional rights.

However, as stated by the defendants, notarizing a document in Wisconsin simply means that the notary has determined, either from personal knowledge or satisfactory evidence, that the person appearing before the notary is the person whose signature is on the document. See Wis. Stat. § 706.07(2). In any event, as discussed infra., the affidavit did establish probable cause. Accordingly, the plaintiff does not state a claim against District Attorney Kratz. Based on the foregoing, defendants Willis and Kratz's motion to dismiss will be granted.

Defendants Wiegert, Baldwin, and Calumet County's Motion to Dismiss

These defendants have filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(c) and 12(h)(2). They contend that the search warrant was valid and that the plaintiff therefore fails to state a claim under 42 U.S.C. § 1983. Specifically, the defendants assert that the affidavit established probable cause, there was a neutral magistrate placed between the State and the plaintiff, the warrant was not stale, the warrant was not an impermissible general warrant, and there is no requirement that a warrant have a seal of the court or that a warrant be self-authenticating. The defendants further contend that defendants Wiegert and Baldwin are entitled to qualified immunity and that defendant Calumet County must be dismissed in its official capacity.

The plaintiff contends that his rights under § 1983 were violated because, (1) probable cause was not established before the issuing magistrate; (2) probable cause was not established in the affidavit; (3) the warrant was open-ended and general; (4) the warrant was void for lack of a court seal; (5) the warrant had expired; (6) keeping the camera for any time past what was needed to copy the internal memory violated his rights; and (7) he had a possessory interest in any copy of the images he created. The plaintiff also contends that Calumet County is liable and that the individual defendants are not entitled to qualified immunity.

"The Fourth Amendment requires that a warrant be supported by probable cause and that it describe, with particularity, the place to be searched and the items or persons to be seized." Guzman v. City of Chicago, 565 F.3d 393, 396 (7th Cir. 2009). Unless there are exigent circumstances, a neutral magistrate must make the probable-cause determination and issue the warrant. Id. (citations omitted). "Probable cause is established when, based on the totality of the circumstances, the affidavit sets forth sufficient evidence to induce a reasonably prudent person to believe that a search will uncover evidence of a crime." United States v. Searcy, 664 F.3d 1119, 1122 (7th Cir. 2011) (citing Illinois v. Gates, 462 U.S. 213, 238 (1983)).

Wisconsin state law provides in pertinent part:

(1) Description and issuance. A search warrant is an order signed by a judge directing a law enforcement officer to conduct a search of a designated person, a designated object or a designated place for the purpose of seizing designated property or kinds of property. A judge shall issue a search warrant if probable cause is shown.

(2) Warrant upon affidavit. A search warrant may be based upon sworn complaint or affidavit . . . showing probable cause therefor. The complaint, affidavit or testimony may be upon information and belief.

6

Wis. Stat. § 968.12 (2011). "The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place. Gates, 462 U.S. at 238.

In this case, Investigator Wiegert signed the affidavit for search warrant on October 6, 2006. (Compl., Ex. 1.) The affidavit states that as a result of investigation into the disappearance and subsequent homicide of Teresa Halbach, the plaintiff was charged with first degree intentional homicide, mutilating a corpse, and felon in possession of a firearm. The affidavit goes on to state:

> 3. On March 1, 2006, your affiant and Special Agent Thomas Fassbender interviewed Brendan Dassey regarding the disappearance and subsequent homicide of Teresa Halbach. Based on the statements give by Brendan Dassey, the State filed an Amended Criminal Complaint against Steven Avery on March 8, 2006; a copy is attached hereto and incorporated within this affidavit. On March 10, 2006, an Amended Information was filed, charging Steven Avery with party to the crime of first degree intentional homicide, party to the crime of mutilating a corpse, felon in possession of a firearm, party to the crime of first degree sexual assault, kidnaping, and false imprisonment.
>
> 4. Your affiant states that on September 13, 2006, he interviewed Jodi Stachowski, the girlfriend of Steven Avery, in the presence of her attorney, Brad Priebe. Stachowski provided your affiant with a digital camera that Stachowski indicated belonged to Steven Avery, who is currently incarcerated at the Calumet County Jail. Your affiant is informed that Stachowski had possession of the camera with the permission of Steven Avery, but without any limitations regarding her viewing the images on the camera. Therefore, your affiant believes that Steven Avery has exhibited no expectation of privacy in the contents of the digital camera.
>
> 5. Your affiant is aware that Jodi Stachowski was incarcerated in the Manitowoc County Jail between the dates of August 15, 2005 and March 6, 2006. Stachowski informed your affiant that after her release from the Manitowoc County Jail in March of 2006, she received Steven Avery's digital camera from his mother. Your affiant confirmed that Steven Avery has been incarcerated in the Calumet County Jail from November 9, 2005 until the present time.

7

Case 2:12-cv-00052-AEG   Filed 10/05/12   Page 7 of 11   Document 42

6. Your affiant states that Stachowski informed him that she had viewed some of the images contained on the camera, which she described as images of Steven Avery's family members. Stachowski stated that she did not have knowledge of other images which may be contained within the camera.

7. The digital camera is described as: a Kodak Easyshare 2730, serial #KCKEP51101866.

8. Your affiant has made contact with Special Agent James Holmes from the Department of Justice, who has training and experience regarding crimes of sexual sadism and sexual homicides. S.A. Holmes informed your affiant that it is not unusual for perpetrators to retain electronic images of their crimes, either while the crime is being committed or after the completion a crime [sic].

9. Your affiant believes that Teresa Halbach was the victim of a homicide. Your affiant further believes that electronic images may be stored on Steven Avery's digital camera that may assist law enforcement in their homicide investigation.

(Compl., Exh. 1.)

The affidavit and incorporated amended criminal complaint, together with the special agent's experience concerning the typicality of perpetrators of sexual homicides to retain images of their crimes, establish reasonable belief that the plaintiff's camera might contain images linked with the Teresa Halbach murder. See Searcy, 664 F.3d at 1122. Therefore, probable cause was established to search the camera. In addition, the warrant satisfies the Fourth Amendment's particularity requirement because it describes the camera specifically and the images sought. Therefore, the warrant does not run afoul of the Fourth Amendment on that basis. See United States v. Stefonek, 179 F.3d 1030, 1032-33 (7th Cir. 1999); see also United States v. Pritchard, 745 F.2d 1112, 1121-22 (7th Cir. 1984).

Next, the plaintiff contends that Judge Willis did not see the affidavit in issuing the search warrant and that Investigator Wiegert was not sworn before the court in making that affidavit. To the contrary, the search warrant itself indicates that Judge Willis saw it. (Compl., Ex. 2.) Judge

8

Willis issued the search warrant and therefore the plaintiff's contention that there was not a neutral magistrate between he and the state is without merit. In addition, there is no requirement that Investigator Wiegert be sworn in front of the court in making his sworn statement supporting the search warrant. See Wis. Stat. § 968.12(2). Likewise, there is no requirement that a search warrant contain a court seal. See Wis. Stat. § 968.12. The plaintiff's citation to Wis. Stat. § 753.04 is unavailing because that statue applies to writs, not warrants, and, in any event, the statute does not indicate that writs are required to have the seal of the court. Moreover, the plaintiff's reference to Wis. Stat. § 909.02 is not helpful to this case.

The plaintiff contends that the warrant was defective because it was not returned within the specified time period and the digital images were not seized within the specified time period. Wisconsin Stat. § 968.15 requires a search warrant to be "executed and returned not more than 5 days after the date of issuance." Wisconsin Stat. § 968.17(1) requires that a search warrant be returned to the clerk of court "within 48 hours after execution" and that such return "be accompanied by a written inventory of any property taken." The five-day period begins to run on the day following the issuance of the warrant. State v. Edwards, 297 N.W.2d, 12, 14 (Wis. 1980).

Here, the search warrant was issued on October 6, 2006 and was returned on October 13, 2006. The warrant was therefore returned on the seventh day. However, law enforcement's failure to return the order and inventory within the confines of §§ 968.15 and 968.17 do not render the execution of the order unreasonable. State v. Sveum, 787 N.W. 2d 317, 336 (Wis. 2010). The timely return of a warrant is "a ministerial duty which [does] not affect the validity of the search absent prejudice to the defendant." Id. (quoting State v. Elam, 29 N.W.2d 664 (1975); see also, 2 Wayne R. LaFave, Search and Seizure § 4.12(c) (4th ed. 2004) ("[T]he 'overwhelming weight of

authority' is to the effect that required warrant return procedures are ministerial and that failure to comply with them is not a ground for voiding an otherwise valid search.") (citation omitted)).

Here, there is no indication that the plaintiff was prejudiced by the warrant being returned on the seventh day after its issuance. Probable cause existed at all times and he was in jail during all relevant times. Finally, the warrant was otherwise valid. Accordingly, the lack of return within five days did not violation the plaintiff's substantial, constitutional rights. See Sveum, 787 N.W.2d at 336-37.

In sum, the plaintiff fails to state a claim that the search warrant was invalid. Defendants Wiegert, Baldwin, and Calumet County's motion to dismiss will be granted.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that defendants Kratz and Willis's motion to dismiss (Docket No. 17) be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that defendants Baldwin, Calumet County, and Wiegert's motion to stay discovery (Docket No. 29) be and hereby is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that defendants Baldwin, Calumet County, and Wiegert's motion to dismiss (Docket No. 35) be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that defendants Baldwin, Calumet County, and Wiegert's motion to strike (Docket No. 41) be and hereby is **DENIED**.

**IT IS FURTHER ORDERED** that defendants Wiegert, Kratz, Baldwin, Willis, and Calumet County are **DISMISSED**.

Dated at Milwaukee, Wisconsin this 5th day of October, 2012.

BY THE COURT:

*[signature]*

AARON E. GOODSTEIN
United States Magistrate Judge