# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

STEVEN AVERY,

      Plaintiff,

    v.                                            Case No. 12-CV-52

LYNN ZIGMUNT,
and MANITOWOC COUNTY,

      Defendants.

## DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

The plaintiff filed this pro se civil rights action pursuant to 42 U.S.C. § 1983 alleging that a search warrant for his digital camera and the images stored therein was defective and improperly executed, in violation of his rights under the Fourth Amendment to the United States Constitution. The search was related to a criminal homicide investigation for which the plaintiff is now serving a life sentence. When he filed the complaint, the plaintiff was proceeding against three sets of defendants who were all represented by separate counsel. On October 5, 2012, the court granted motions to dismiss as to two of the defendant groups. The remaining defendants, Lynn Zigmunt and Manitowoc County, have filed a motion to dismiss, which will be addressed herein.

<u>Complaint Allegations</u>

The plaintiff alleges that on October 6, 2006, Investigator Wiegert presented an affidavit for a search warrant to District Attorney Kratz, who notarized the document. Officer Baldwin then obtained a search warrant from Judge Willis for the plaintiff's digital camera. The warrant authorized the duplication of the internal memory drive of the camera, and review and analysis of

all recovered digital images. On October 13, 2006, seven days after the warrant was issued, Investigator Wiegert submitted a Return of Officer form for the camera.

The plaintiff claims that he was denied his right to be free from an unreasonable search and seizure in violation of the Fourth Amendment. He contends that a defective and expired warrant was executed to obtain his property. According to the plaintiff, the warrant was defective because probable cause was not established in the affidavit, and because the warrant had expired, was open-ended and general, and did not have a court seal. He also alleges that his property was seized and held beyond any reasonable period of time, there is no indication that Judge Willis saw the affidavit before issuing the search warrant, and there is no record that Investigator Wiegert was sworn before the court when presenting evidence in support of the search warrant. The complaint also advanced a privacy claim under the First and Fifth Amendments, but the plaintiff was not allowed to proceed on such a claim. The plaintiff seeks declaratory and injunctive relief, and monetary damages.

With regard to the remaining defendants, the plaintiff specifically claims:

> Defendant Lynn Zigmunt was responsible for the violation stated herein in that she was aware that the officers went outside the scope of the warrant and did nothing about it. Further, she should have noted that the return was dated seven days past the issuing date of the warrant, making the execution of the warrant illegal since the warrant had expired. Her awareness is evident in that she stamped the warrant and the warrant's return.
>
> Defendant the County of Manitowoc was responsible, through its policy maker/administrator, for setting the policies and/or customs inside the municipality, oversight and training of its personnel, and is responsible for the violations herein as much as the County, throughout its agency(s), have neglected to check the work of its Clerk of Court and be sure that she was properly trained or was acting within the legal boundaries of plaintiff's rights as well as applicable law. In particular, the Clerk handled many of the warrants in the plaintiff's criminal case and did nothing concerning the lack of a seal or the fact that the Court had not seen the affidavits.

(Compl. ¶¶ 30-31.)

Defendants Zigmunt and Manitowoc County contend that their motion to dismiss should be granted for the same reasons the court granted the motion to dismiss of former defendants Calumet County, Wiegert, and Baldwin. In the October 5, 2012 order, the court determined that the warrant established probable cause and that it was valid.

> The affidavit and incorporated amended criminal complaint, together with the special agent's experience concerning the typicality of perpetrators of sexual homicides to retain images of their crimes, establish reasonable belief that the plaintiff's camera might contain images linked with the Teresa Halbach murder. See Searcy, 664 F.3d at 1122. Therefore, probable cause was established to search the camera. In addition, the warrant satisfies the Fourth Amendment's particularity requirement because it describes the camera specifically and the images sought. Therefore, the warrant does not run afoul of the Fourth Amendment on that basis. See United States v. Stefonek, 179 F.3d 1030, 1032-33 (7th Cir. 1999); see also, United States v. Pritchard, 745 F.2d 1112, 1121-22 (7th Cir. 1984).

(Docket No. 42, at 8.) The court also found that the fact that the warrant was returned on the seventh day late did not render it invalid.

> [T]he search warrant was issued on October 6, 2006 and was returned on October 13, 2006. The warrant was therefore returned on the seventh day. However, law enforcement's failure to return the order and inventory within the confines of [Wis. Stat.] §§ 968.15 and 968.17 do not render the execution of the order unreasonable. State v. Sveum, 787 N.S. 2d 317, 336 (Wis. 2010). The timely return of a warrant is "a ministerial duty which [does] not affect the validity of the search absent prejudice to the defendant." Id. (quoting State v. Elam, 29 N.W.2d 664 (1975); see also, 2 Wayne R. LaFave, Search and Seizure § 4.12(c) (4th ed. 2004) ("[T]he 'overwhelming weight of authority is to the effect that required warrant return procedures are ministerial and that failure to comply with them is not a ground for voiding an otherwise valid search.") (citation omitted)).
>
> Here, there is no indication that the plaintiff was prejudiced by the warrant being returned on the seventh day after its issuance. Probable cause existed at all times and he was in jail during all relevant times. Finally, the warrant was otherwise valid. Accordingly, the lack of return within five days did not violate the plaintiff's substantial, constitutional rights. See Sveum, 787 N.W.2d at 336-37.

(Docket No. 42, at 9-10.)

3

Based on the court's findings that the search warrant was proper and that its return on the seventh day did not render it invalid, the plaintiff's claims against defendants Zigmunt and Manitowoc County cannot survive. Lastly, the court notes that the plaintiff did not file a response to the defendants' motion to dismiss; that omission alone is grounds for dismissal. See Civil L. R. 7(d) (E.D. Wis.).

**NOW, THEREFORE, IT IS HEREBY ORDERED** that defendants Manitowoc County and Zigmunt's motion to dismiss (Docket No. 45) be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that this case be and hereby is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 4th day of January, 2013.

BY THE COURT:

AARON E. GOODSTEIN
United States Magistrate Judge